# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| VEX ROBOTICS, INC., § § Plaintiff, § § v. § § CROSS THE ROAD ELECTRONICS, LLC § and JONATHAN JACK, § § Defendants. § | Civil Action No. _____ |

## DEFENDANT CROSS THE ROAD ELECTRONICS, LLC'S NOTICE OF REMOVAL

Defendant Cross the Road Electronics, LLC ("CTRE" or "Removing Party") files this Notice of Removal pursuant to 28 U.S.C. §§ 1446 and 1454, and in support thereof would respectfully show the Court as follows:

### I.     CASE BACKGROUND

1.    On October 6, 2023, Plaintiff Vex Robotics, Inc. ("Vex") filed its Original Petition against Defendant Cross The Road Electronics, LLC. ("CTRE") captioned *Vex Robotics, Inc. v. Cross the Roads Electronics, LLC, in the 354th Judicial District Court of Hunt County, Texas, Cause No. 92874.* Exh. A-2. CTRE was not served with process related to the Original Petition filed by Vex.

2.    On October 12, 2023, Plaintiff Vex filed its First Amended Petition against Defendants in the action captioned *Vex Robotics, Inc. v. Cross the Roads Electronics, LLC and Jonathan Jack* (the "Action"), in the 354th Judicial District Court of Hunt County, Texas, Cause No. 92874. Exh. A-5. CTRE was served with Citation and a copy of the Plaintiff's First Amended Petition on November 1, 2023.

3. In the Action, Vex brought Texas state law claims against CTRE on breach of contract grounds related to the development, manufacture and sale of the Falcon 500 brushless motor and seeking a declaratory judgment that "(1) CTRE must pay fifty percent of the production costs associated with the batch of Falcon 500s either produced or in production as of the date of the filing of the Original Petition; and (2) any products (including the Falcon 500) and intellectual property developed by the parties under the terms of their contractual relationship can continue to be manufactured, and sold by Vex into the future." Exh. A-2, Pl's. 1st Am. Pet ("Am. Pet."), ¶¶ 27-38.

4. Vex's Amended Petition also includes Texas state law claims against Jonathan Jack, an individual, alleging breach of contract and breach of common law duty of confidentiality. Exh. A-2, Am. Pet, ¶¶ 39-49.

5. On November 22, 2023, the date of the filing of this Notice, CTRE timely filed its answer and counterclaim in the Action. Exh. A-9. CTRE's pleading includes a counterclaim against Vex for declaratory relief asking the Court to interpret and apply the authorship and ownership provisions of the Copyright Act, 17 U.S.C. §§ 101, 201–204, to determine statutory authorship and ownership of the software and firmware used in connection with the Falcon 500 ("Software"). *Id.* CTRE seeks pursuant to 28 U.S.C. § 2201 *et seq.* and 17 U.S.C. §§ 101, 201–204:

   a. a declaratory judgment that CTRE is the author of the Software under 17 U.S.C. § 201(a);

   b. a declaratory judgment that all copyrights in the Software vested in CTRE under 17 U.S.C. § 201(a);

    c. a declaratory judgment that the Software is not a "joint work" between CTRE and Vex as defined in 17 U.S.C. § 101.

    d. a declaratory judgment that Vex is not an author of the Software under 17 U.S.C. § 201(a);

    e. a declaratory judgment that ownership of the copyright in the Software was not transferred to Vex in accordance with the requirements of transfer set forth in 17 U.S.C. § 201(d) or 17 U.S.C. § 204(a);

    f. a declaratory judgment that CTRE owns the copyright in the Software.

    g. a declaratory judgment that CTRE has the right to prevent Vex from manufacturing and selling any products which incorporate the Software and any other intellectual property exclusively owned by CTRE; and

    h. a declaratory judgment that CTRE has not, and is not, in breach of any purported contract, express or implied, as between CTRE and Vex.

*See* Exh. A-9, Answer and Countercl., ¶ 6.

6. Defendant Jonathan Jack consents to this removal and will subsequently file his consent with the Court.

## II. BASIS FOR REMOVAL

**2.1 Federal Question Jurisdiction.**

7. This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1454(a), which states: "A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to . . . copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending."

8. This case requires the Court to interpret and apply provisions of the Copyright Act, which falls squarely and exclusively within the original jurisdiction of the United States district courts. *See* 28 U.S.C. § 1338(a). Declaratory judgment claims based on Section 201(a) of the Copyright Act are sufficient to establish federal jurisdiction. *Id.* at 1032; see also *Merchant v. Levy*, 92 F.3d 51, 55-56 (2d Cir. 1996) (stating "[c]opyright ownership by reason of one's status as a co-author of a joint work arises directly from the terms of the Copyright Act itself."); *Beardmore v. Jacobson*, No. 4:13-CV-361, 2014 WL 353726, at *3 (S.D. Tex. July 14, 2014) (stating "[c]ases commonly arising under the Act involve determinations of a work's ownership or authorship"). Moreover, a defendant may remove a case under 28 U.S.C. § 1454 based on the assertion of a copyright counterclaim even if the case otherwise is completely devoid of federal jurisdiction. *Van Steenburg v. Hagerman*, No. SA:14-CV-976, 2015 WL 1509940 (W.D. Tex. March 31, 2015); *Hill Country Trust v. Silverberg,* No. 1:18-cv-635, 2018 WL 6267880 (W.D. Tex. Nov. 28, 2018).

9. Here, the copyright dispute does not turn on the interpretation of a contract, as no written agreement exists between CTRE and Vex which would control or assign the ownership of CTRE's copyrights in the Software to Vex or any other intellectual property rights of CTRE in the Falcon 500. CTRE is the sole author and owner of the Software, the copyrights under 17 U.S.C § 201(a), and any intellectual property developed by CTRE applicable to the Falcon 500.

10. Therefore, an actual, present and justiciable controversy between CTRE and Counter-Defendant has arisen concerning the Software's authorship and ownership under the U.S. Copyright Act pursuant to the Federal Declaratory Judgment Act 28 U.S.C. § 2201 *et seq*.

11. <u>Supplemental Jurisdiction.</u>  This Court may assert supplemental jurisdiction over the state-law claims of the parties under 28 U.S.C. § 1367 when those state-law claims and claims

over which this Court has original jurisdiction "derive from a common nucleus of operative fact" of the sort that should be tried "in one judicial proceeding." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988). In other words, federal courts have supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wis Dep't of Corr. V, Schacht*, 524 U.S. 381, 387 (1998).

12. Vex's claims for breach of contract and declaratory judgment revolve around the parties' representations and actions concerning the intellectual property related to the Falcon 500, the Software, and the parties' ability to use and continue to use, disclose, manufacture, and sell the Falcon 500. Moreover, in Plaintiff's Amended Petition, Plaintiff generally asserts that the combination of intellectual property incorporated into the Falcon 500 was "jointly developed" and is therefore "jointly owned" by Vex and CTRE. Exh. A-2, Am. Pet. ¶ 23.

13. Therefore, the Software copyright issues are factually intertwined with all of the other claims in the case, and it is appropriate for this Court to exercise supplemental jurisdiction over the remaining state law claims.

### III.     PROCEDURAL REQUIREMENTS FOR REMOVAL

14. <u>Removal is Timely</u>. This Notice of Removal is filed within thirty days after CTRE received service of Plaintiff Vex's First Amended Petition on November 1, 2023, pursuant to 28 U.S.C. §§ 1446 and 1454(b)(1). CTRE, the removing party, has filed this Notice of Removal concurrently with the filing of its Answer and Counterclaims in the Action.

15. <u>Venue</u>. Under 28 U.S.C. § 1454(a), venue of the removed action is proper in this Court as the district and division embracing the place where the Action is pending. This Action is removed from the District of Hunt County, 354th Judicial District, which is located within the

Northern District of Texas, Dallas Division. *See* 28 U.S.C. § 124(a)(1).

16.     <u>Process and Papers</u>. In accordance with 28 U.S.C. § 1446 and the local rules of this Court, attached to this Notice of Removal and incorporated herein are the following documents, which are copies of all process, pleadings, and orders filed in the state court:

- **Exhibit A** – Index of State Court Filings

- **Exhibits A-1 – A-9** – A copy of the docket sheet in the state court Action and State Court Filings

- **Exhibit B** – Certificate of Interested Persons

- **Exhibit C** – Civil Cover Sheet

- **Exhibit D** – Supplemental Cover Sheet

17.     <u>Notice</u>. CTRE will promptly give all other parties written notice of the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A notice of the filing of this Notice of Removal and a copies of all attachments hereto have been sent for filing with the Clerk of the 354th Judicial District Court of Hunt County, as required by 28 U.S.C. §1446(d). Copies are also being served upon all parties' counsel of record.

18.     By filing the Removal, CTRE does not waive any defense or cause of action that may be available to them at law or in equity.

## IV.     CONCLUSION

19.     For the reasons described above, this Action is properly removable under 28 U.S.C. § 1454. CTRE respectfully request that this Court proceed with this matter as if it had originally been filed herein. CTRE further request any such other relief to which they may be justly entitled.

Dated: November 22, 2023

Respectfully submitted,

**HARPER & BATES LLP**

*/s/ Scott L. Harper*
Scott L. Harper
Texas Bar No. 00795038
Scott.Harper@harperbates.com
----
Jordyn E. Hendrix
Texas Bar No. 24120359
Jordyn.Hendrix@harperbates.com

1717 Main Street, Suite 3550
Dallas, Texas 75201
214-238-8400 | Main
214-238-8401 | Fax

**COUNSEL FOR CROSS THE ROAD ELECTRONICS, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service were served with a copy of this document through this Court's CM/ECF system and pursuant to the local rules on November 22, 2023.

*/s/ Scott L. Harper*
Scott L. Harper