# EXHIBIT A-5

Filed 10/12/2023 7:59 PM
Susan Spradling,
District Clerk
Hunt County, Texas

KK

## CAUSE NO. 92874

| | |
|---|---|
| **VEX ROBOTICS, INC.,** | **IN THE DISTRICT COURT** |
| *Plaintiff,* | |
| **vs.** | **354TH JUDICIAL DISTRICT** |
| **CROSS THE ROAD ELECTRONICS, LLC and JONATHAN JACK** | |
| *Defendants.* | **HUNT COUNTY, TEXAS** |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff Vex Robotics, Inc. files this First Amended Petition against Defendant Cross the Road Electronics, LLC and Jonathan Jack and states as follows:

## I.
## DISCOVERY CONTROL PLAN

1.    Plaintiff intends that discovery be conducted under Level 3 in accordance with Texas Rule of Civil Procedure 190.4.

Copy from re:SearchTX

## II.
## PARTIES

2.     Plaintiff Vex Robotics, Inc. ("Vex") is a Texas corporation with its principal place of business at 6725 W. FM 1570, Greenville, Hunt County, Texas 75402.

3.     Defendant Cross the Road Electronics, LLC ("CTRE") is a Michigan limited liability company with its principal place of business at 16065 Leone Drive, Macomb Township, Macomb County, Michigan 48042. CTRE may be served with process by serving its registered agent Michael Copioli at 16065 Leone Drive, Macomb, Michigan 48042 or wherever he may be found.

4.     Defendant Jonathan Jack ("Jack") is an individual and a citizen of the State of Texas with his residence at 560 Taylor Drive, Rockwall, Texas 75087. Jonathan Jack may be served with process by serving him individually at 560 Taylor Drive, Rockwall, Texas 75087 or wherever he may be found.

## III.
## JURISDICTION AND VENUE

5.     The Court has subject-matter over this action because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

6.     The Court has personal jurisdiction over CTRE because CTRE contracted with Vex in Texas and performed a substantial part of its contractual

Copy from re:SearchTX

obligations in Texas by, among other things, sending its employees to Vex's headquarters in Greenville, Hunt County, Texas to work with Vex employees in co-designing products under the terms of its contract with Vex. In addition, CTRE does a substantial amount of business in Texas, advertising its products in Texas and selling its products to Texas residents.

7.      Long arm jurisdiction is conferred under Texas Civil Practice and Remedies Code § 17.042(1) which provides for jurisdiction over a non-resident defendant in any action if the nonresident contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in Texas.

8.      The Court has personal jurisdiction over Jonathan Jack because he is a resident and citizen of the State of Texas.

9.      Venue is proper in Hunt County because all or a substantial part of the events or omissions giving rise to the claim occurred in Hunt County, Texas.

## IV.
## FACTS

10.      Vex is a leading supplier of educational and competition robotics products in the United States and internationally.

11.      CTRE develops software and hardware components for use in educational and competition robotics products.

Copy from re:SearchTX

12.     In April 2014, Vex and CTRE executed a written contract whereby the parties agreed to jointly develop motors specifically designed to be used with educational robots and that would be approved for use by school robotics teams in the annual FIRST Robotics Competition.  The FIRST Robotics Competition is performed under strict rules and limited time and resources, whereby teams of high school students are challenged to build industrial-size robots to play a difficult field game in alliance with other teams, while also fundraising to meet their goals, designing a team "brand," and advancing respect and appreciation for STEM within the community.

13.     Under the terms of the written contract, Vex and CTRE would be jointly responsible for design engineering of the motors and agreed to fully participate in joint formal and informal design reviews. The contract contemplated that any resulting products would incorporate software and hardware that was jointly designed and created by both parties.

14.     Because it has a long and successful history of manufacturing robotics products, Vex was responsible for manufacturing any motors that were jointly developed by Vex and CTRE.

15.     Vex and CTRE agreed to equally share all product profit and manufacturing costs.

---

FIRST AMENDED PETITION                                                        Page 4
#550425  1103.10

Copy from re:SearchTX

16.     Beginning no later than 2015, Vex and CTRE began discussions to build a "brushless" motor that could be used with robots developed for the FIRST Robotics Competition.  Brushless motors are far superior to "brushed" motors in that they are more versatile, quieter, more efficient, and require less maintenance that a brushed motor.

17.     Defendant Jack was employed by Vex in the position of Mechanical Engineer (later rising to become the Director of Mechanical Engineering) during the time Vex and CTRE were jointly working to develop a brushless motor.  At the time he was hired, Jack executed a Company Information and Goodwill Protection Agreement that prohibited Jack from using or disclosing Vex's proprietary information other than during the course of his employment with Vex.  Jack was an integral part of the team developing the motor and he obtained intimate knowledge of the motor's design.

18.     Vex and CTRE ultimately developed a brushless motor known as the Falcon 500.  The parties began pre-selling the Falcon 500 in November 2019 for shipping in January 2020.  Vex was responsible for manufacturing the Falcon 500 based on the design jointly created by Vex and CTRE.

19.     The Falcon 500 became a very successful product within the educational robotics community and is used by educational robotics teams around the world.

Copy from re:SearchTX

20.    The written contract between Vex and CTRE had an initial three-year term (April 2014-April 2017).  The initial term was automatically extended for up to five, one-year extensions, unless a party provided the other party written notice of termination prior to the renewal date. Neither party provided such notice and the written contract remained in place until the expiration of the fifth one-year term on April 30, 2022.

21.    Though the written contract expired by its terms on April 30, 2022, Vex and CTRE agreed to continue working together under the terms of the written contract.  Thus, up until mid-2023, Vex and CTRE continued to work together in designing products and manufacturing and selling the Falcon 500.  Indeed, as of the date of the filing of the Original Petition, CTRE continued to sell the Falcon 500 on its website.[1] Accordingly, Vex had no reason to believe that its contractual relationship with CTRE was in jeopardy and it continued to manufacture the Falcon 500 with the expectation that CTRE would share in manufacturing costs and profits.

22.    In January 2023, Jack (who, by then, was Vex's Director of Mechanical Engineering) left his employment with Vex and eventually joined WestCoast Products and Design, LLC ("WestCoast") in the position of Director.  Like Vex,

---

[1]      *See* https://store.ctr-electronics.com/falcon-500-powered-by-talon-fx/.

Copy from re:SearchTX

WestCoast manufactures products used by competitive educational robotics school teams.

23.     On July 11, 2023, CTRE's Chief Operating Officer John V-Neun unexpectedly sent Vex's Chief Executive Officer Tony Norman an email stating it was "not willing to continue to license [CTRE's] IP for any additional production runs of the Falcon 500" and was "not interested in licensing [CTRE's] IP" to Vex for "future products."  This email was confusing to VEX, because the proprietary combination of software and hardware used in designing and developing the Falcon 500 was jointly engineered by both companies during the prior nine years working together.  In other words, the combination of the intellectual property incorporated into the Falcon 500 and, in particular, the resulting Falcon 500 design, is jointly owned by Vex and CTRE.  Neither party has a proprietary interest in the intellectual property vis-à-vis one another.  Indeed, the contract specifically indicated that, even after its termination, "both parties may continue to manufacture and sell" the previous jointly developed products for their own commercial reasons.  Nothing in the contract, however, authorized them to use the intellectual property to develop products with third parties or to disclose the intellectual property to third parties.

24.     At the time of CTRE's communication, Vex had approximately 9,200 Falcon 500s that were in the manufacturing process at a cost of over $500,000.00.

Copy from re:SearchTX

Vex had fully anticipated that CTRE would share in the production costs and profits associated with this batch of Falcon 500s.  John V-Neun's email, however, cast doubt on (1) the continued contractual relationship of the parties, (2) Vex's ability to recover CTRE's portion of the manufacturing costs associated with the Falcon 500, and (3) Vex's ability to continue to manufacture and sell the Falcon 500 or any other product incorporating the intellectual property jointly designed by Vex and CTRE during their business relationship.

25.     Moreover, upon information and belief, while working in tandem with CTRE (but _without_ Vex's knowledge), Jack used and disclosed proprietary information concerning the design of the Falcon 500 to WestCoast after he began his employment with WestCoast in March 2023.  This enabled WestCoast, working with CTRE (and _without_ Vex's knowledge), to design a competitive brushless motor called the "Kraken X60" that incorporates the proprietary functionality of the Falcon 500.  Like the Falcon 500, the Kraken X60 has been expressly designed and marketed for use by school robotics teams in the annual FIRST Robotics Competition.  WestCoast and CTRE announced the creation of the Kraken X60 to the educational robotics community on or about October 12, 2023 and began

Copy from re:SearchTX

accepting pre-orders.[2]   The Kraken X60 incorporates proprietary technology jointly developed by Vex and CTRE.

## V.
## CONDITIONS PRECEDENT

26.     All conditions precedent to the causes of action set forth herein have occurred, been satisfied, or been waived.

## VI.
## CAUSES OF ACTION

### A.     Breach of Contract (against CTRE)

27.     The allegations contained in all paragraphs of this Petition are hereby re-alleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

28.     Vex and CTRE entered a valid and enforceable contract.   In accordance with the contract, and as detailed above, CTRE agreed to pay half of the production costs associated with any products developed under the contract. CTRE also agreed that any products developed under the contract could be used and sold by either party (but <u>not</u> by or with third parties) after the termination of their relationship.

---

[2]     *See* https://www.chiefdelphi.com/t/announcing-kraken-x60-powered-by-talon-fx/442236/36 and https://store.ctr-electronics.com/announcing-kraken-x60/ and https://wcproducts.com/products/kraken.

---

Copy from re:SearchTX

29.     Vex performed its contractual obligations and all conditions precedent under the terms of the contract between itself and CTRE.  However, CTRE has breached the contract by refusing to pay its portion of the production cost of the Falcon 500 and by refusing to allow Vex to continue to produce the Falcon 500 or any other product incorporating the intellectual property jointly developed by Vex and CTRE under the terms of the contract.

30.     Conversely, in violation of its agreement with Vex, CTRE has surreptitiously used and disclosed the intellectual property jointly developed by Vex and CTRE to manufacture – with WestCoast – a brushless motor designed to compete with the Falcon 500 and undermine sales of the Falcon 500.

31.     CTRE's breaches caused injury to Vex, resulting in Vex being fully responsible for paying the production cost of the Falcon 500 and, if such breaches are allowed to continue, resulting in loss profits from its ability to use the jointly developed intellectual property in the continued production of the Falcon 500 or any other product developed and sold by Vex in the future.  Furthermore, CTRE's use and disclosure of the intellectual property to design a competitive brushless motor with WestCoast has damaged the sales of the Falcon 500, causing economic loss to Vex.

32.     Because Vex's claims are for, among other things, breach of contract, and Vex has been required to retain the undersigned attorneys to prepare, file, and

Copy from re:SearchTX

prosecute this suit, Vex has incurred, and will incur, costs in connection with the prosecution of this suit, including attorney's fees and other costs. Vex is entitled to recover reasonable attorney's fees and costs pursuant to section 38.001 of the Texas Civil Practice and Remedies Code.

## B.   <u>Declaratory Judgment (against CTRE)</u>

33.   The allegations contained in all paragraphs of this Petition are hereby re-alleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

34.   This is an action for declaratory relief pursuant to Texas Civil Practice and Remedies Code § 37.001 *et seq.* An actual controversy of justiciable nature currently exists between Vex, on the one hand, and CTRE, on the other.

35.   The controversy between the parties is of sufficient immediacy to justify the issuance of a declaratory judgment. The issuance of declaratory relief by this Court will terminate some or all the existing controversy between the parties.

36.   CTRE alleges that pursuant to the agreement, it is not required to pay its portion of the production costs for the Falcon 500 and that Vex is prohibited from using the intellectual property co-developed by the parties in the continued production of the Falcon 500 or in any other product Vex may manufacture and sell in the future. Vex alleges that CTRE is required to pay its portion of the

Copy from re:SearchTX

production costs for the Falcon 500 and that any intellectual property or products co-developed by the parties, including the Falcon 500, may continue to be used, manufactured, and sold by Vex.

37.     By reason of the foregoing, Vex is entitled to a declaration that: (1) CTRE must pay fifty percent of the production costs associated with the batch of Falcon 500s either produced or in production as of the date of the filing of the Original Petition; and (2) any products (including the Falcon 500) and intellectual property developed by the parties under the terms of their contractual relationship can continue to be used, manufactured, and sold by Vex into the future.

38.     In accordance with Texas Civil Practice and Remedies Code § 37.009, Vex alleges the Court may award costs and reasonable and necessary attorney's fees to it.

## C.     Breach of Contract (against Jack)

39.     The allegations contained in all paragraphs of this Petition are hereby re-alleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

40.     Vex and Jack entered a valid and enforceable contract.  In accordance with the contract, and as described above, Vex agreed to employ Jack and provide training and proprietary information to Jack for use in his role as a Vex employee.

Copy from re:SearchTX

Jack agreed not to use or disclose Vex's trade secrets and proprietary information other than in his role as a Vex employee.

41.     Vex performed its contractual obligations and all conditions precedent under the terms of the contract between itself and Jack.  However, Jack has breached the contract by using and disclosing Vex's proprietary information to his new employer, WestCoast, to enable WestCoast to – in partnership with CTRE – design and manufacture a competitive brushless motor incorporating Vex's proprietary information and intellectual property.

42.     Jack's breaches have caused injury to Vex, resulting in Vex being required to sell its popular Falcon 500 motor into a market now polluted with a competitive product (the Kraken X60) that reduces the sales of the Falcon 500.

43.     Because Vex's claims are for, among other things, breach of contract, and Vex has been required to retain the undersigned attorneys to prepare, file, and prosecute this suit, Vex has incurred, and will incur, costs in connection with the prosecution of this suit, including attorney's fees and costs pursuant to section 38.001 of the Texas Civil Practice and Remedies Code.

Copy from re:SearchTX

**D.**   **Breach of Common Law Duty of Confidentiality (against Jack)**

44.     The allegations contained in all paragraphs of this Petition are hereby re-alleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

45.     As a Vex employee, Jack owed Vex a common law duty to refrain from using or disclosing Vex's proprietary and confidential information both during and after employment.

46.     During his tenure as an employee, Jack was exposed to and, in fact, helped create numerous Vex proprietary educational robot motor functionality and designs.  Indeed, Jack was integral to Vex's joint development (with CTRE) of a brushless motor that could be used in robots built by school teams for the annual FIRST Robotics Competition.   Accordingly, Jack was intimately aware of the technology used in, and the design of, the Falcon 500.

47.     Upon information and belief, after Jack left Vex and became an employee of WestCoast, he disclosed to WestCoast, and used in his work with WestCoast, the proprietary motor functionality and designs he was exposed to, and intimately involved with, at Vex.  WestCoast, with Jack's help (and CTRE's surreptitious aid), was able to create a competing brushless motor – the Kraken X60.  The Kraken X60 was designed and manufactured using Vex's proprietary technology and confidential information.

Copy from re:SearchTX

48.     By using and disclosing Vex's proprietary technology and confidential information during his employment with WestCoast, Jack violated his common law duty of confidentiality owed to Vex.

49.     Jack's breach of the duty of confidentiality has caused injury to Vex.

## VII.
## PRAYER

WHEREFORE, Plaintiff Vex Robotics, Inc. respectfully prays that the Court enter a final judgment against Defendants Cross the Road Electronics, LLC and Jonathan Jack that includes:

a.  Compensatory damages;

b.  Prejudgment interest;

c.  Post-judgment interest;

d.  Reasonable and necessary attorneys' fees;

e.  Declaratory relief; and

f.  Any and all other relief to which Plaintiff may show itself entitled.

Copy from re:SearchTX

Respectfully submitted,

/s/ Joel E. Geary

Joel E. Geary
State Bar No. 24002129
jgeary@wslawpc.com
Grant B. Stock
State Bar No. 24033240
gstock@wslawpc.com
Raygen L. Lee
State Bar No. 24132812
rlee@wslawpc.com
WADDELL SERAFINO GEARY
  RECHNER JENEVEIN, P.C.
1717 Main Street, Suite 2500
Dallas, Texas 75201
214/979-7400 telephone
214/979-7402 facsimile

***Attorneys for Plaintiff***
***Vex Robotics, Inc.***

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Penny Rogers on behalf of Joel Geary
Bar No. 24002129
progers@wslawpc.com
Envelope ID: 80552563
Filing Code Description: Amended Filing
Filing Description: Plaintiff's First Amended Petition
Status as of 10/16/2023 4:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Penny Rogers | | progers@wslawpc.com | 10/12/2023 7:59:38 PM | SENT |
| Grant Stock | | gstock@wslawpc.com | 10/12/2023 7:59:38 PM | SENT |
| Raygen Lee | | rlee@wslawpc.com | 10/12/2023 7:59:38 PM | SENT |

Copy from re:SearchTX

# WADDELL | SERAFINO

## GEARY ■ RECHNER ■ JENEVEIN

1717 Main Street | Suite 2500 | Dallas, Texas 75201
Main 214-979-7400 | Fax 214-979-7402

PENNY R. ROGERS                                                          DIRECT DIAL: 214/979-7401
progers@wslawpc.com                                                      FIRM FAX: 214/ 979-7402

October 12, 2023

Hunt County District Clerk                    via e-filing
Citations Department

     Re:    Cause No. 92874
              *Vex Robotics, Inc. v. Cross the Road Electronics, LLC and Jonathan Jack*

Dear Clerk:

    Please issue citations as follows and forward to me via e-service for serving with Plaintiff's First Amended Petition being filed with this cover letter:

    1.  Jonathan Jack
       560 Taylor Drive
       Rockwall, Texas 75087
       Or Wherever May Be Found

    2.  Cross the Road Electronics, LLC
       Registered Agent: Michael Copioli
       16065 Leone Drive
       Macomb, Michigan 48041
       Or Wherever May Be Found

    Should you have any questions, please do not hesitate to contact our office.

              Respectfully,
              /s/ Penny R. Rogers

Copy from re:SearchTX