UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEX ROBOTICS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:23-cv-02586-D |
| | § | |
| CROSS THE ROAD ELECTRONICS, LLC, | § | |
| | § | |
| Defendant. | § | |

# VEX ROBOTICS, INC'S ANSWER TO CROSS THE ROAD ELECTRONICS, LLC'S FIRST AMENDED COUNTERCLAIM

Plaintiff/Counter-Defendant Vex Robotics, Inc. (Vex) files its answer to the first amended counterclaim filed by Defendant/Counter-Plaintiff Cross The Road Electronics, LLC (CTRE) (Doc. 28) and would show the Court the following:

1. Vex admits the allegations contained in paragraph 1 of the first amended counterclaim.

2. Vex admits the allegations contained in paragraph 2 of the first amended counterclaim.

3. With respect to paragraph 3 of the first amended counterclaim, Vex admits this Court has subject matter jurisdiction and supplemental jurisdiction over the claims asserted herein.

4. Vex admits the allegations contained in paragraph 4 of the first amended counterclaim.

5. Vex admits allegations contained in paragraph 5 of the first amended counterclaim.

6. Vex admits venue is proper.

7. Vex has insufficient information to admit or deny the allegations contained in paragraph 7 of the first amended counterclaim. Therefore, they are denied.

8. Vex has insufficient information to admit or deny the allegations contained in paragraph 8 of the first amended counterclaim. Therefore, they are denied.

9. Vex has insufficient information to admit or deny the allegations contained in paragraph 9 of the first amended counterclaim. Therefore, they are denied.

10. Vex admits the allegations contained in paragraph 10 of the first amended counterclaim.

11. Vex has insufficient information to admit or deny the allegations contained in paragraph 11 of the first amended counterclaim. Therefore, they are denied.

12. Vex has insufficient information to admit or deny the allegations contained in paragraph 12 of the first amended counterclaim. Therefore, they are denied.

13. Vex has insufficient information to admit or deny the allegations contained in paragraph 13 of the first amended counterclaim. Therefore, they are denied.

14. Vex admits CTRE signed an agreement with Vex Robotics, Inc., a subsidiary of Innovation First International, Inc. The agreement speaks for itself. Vex denies the remaining allegations contained in paragraph 14 of the first amended counterclaim.

15. Vex admits the allegations contained in paragraph 15 of the first amended counterclaim.

16. Vex admits the allegations contained in paragraph 16 of the first amended counterclaim.

17. Vex denies the allegations contained in paragraph 17 of the first amended counterclaim.

18. Vex admits it provided design review and sourced and provided feedback on the selection of components. Vex denies the remaining allegations contained in paragraph 18 of the

first amended counterclaim.

19. Vex admits the agreement between the parties contains a provision labeled 3.8. The agreement speaks for itself. Vex denies the remaining allegations contained in paragraph 19 of the first amended counterclaim.

20. Vex denies the allegations contained in paragraph 20 of the first amended counterclaim.

21. Vex denies the allegations contained in paragraph 21 of the first amended counterclaim.

22. Vex denies the allegations contained in paragraph 22 of the first amended counterclaim.

23. Vex denies the allegations contained in paragraph 23 of the first amended counterclaim.

24. Vex admits the allegations contained in paragraph 24 of the first amended counterclaim but denies any misleading implications that these allegations comprise the entirety of Vex's contributions.

25. Vex denies the allegations contained in paragraph 25 of the first amended counterclaim.

26. Vex denies the allegations contained in paragraph 26 of the first amended counterclaim.

27. Vex admits the allegations contained in paragraph 27 of the first amended counterclaim.

28. Vex denies the allegations contained in paragraph 28 of the first amended counterclaim.

29. Vex denies the allegations contained in paragraph 29 of the first amended counterclaim.

30. Vex denies the allegations contained in paragraph 30 of the first amended counterclaim.

31. Vex admits the allegations contained in paragraph 31 of the first amended counterclaim that "Vex manufactured the Falcon 500. The Falcon 500 was brought to market in late 2019 and made available for use in the 2020 FRC season." Vex denies the remaining allegations contained in paragraph 31 of the first amended counterclaim.

32. Vex admits CTRE sent an email and certified letter to Vex, which speaks for itself. Vex denies the remaining allegations contained in paragraph 32 of the first amended counterclaim.

33. Vex admits on October 6, 2023 it filed an original petition in the 354th District Court in Hunt County. The original petition speaks for itself. Vex denies the remaining allegations contained in paragraph 33 of the first amended counterclaim.

34. Vex admits CTRE signed an agreement with Vex Robotics, Inc., a subsidiary of Innovation First International, Inc. The agreement speaks for itself. Vex denies the remaining allegations contained in paragraph 34 of the first amended counterclaim.

**DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM—COUNT ONE**

35. With respect to paragraph 35 of the first amended counterclaim, no answer is necessary.

36. Vex admits the allegations contained in paragraph 36 of the first amended counterclaim.

37. Vex denies the allegations contained in paragraph 37 of the first amended counterclaim.

38. Vex admits the allegations contained in paragraph 38 of the first amended counterclaim.

39. Vex admits that CTRE is seeking declaratory relief as described in paragraph 39 of the first amended counterclaim but denies CTRE is entitled to the relief requested.

**DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM—COUNT TWO**

40. With respect to paragraph 40 of the first amended counterclaim, no answer is necessary.

41. Vex denies the allegations contained in paragraph 41 of the first amended counterclaim.

42. Vex denies the allegations contained in paragraph 42 of the first amended counterclaim.

43. Vex denies the allegations contained in paragraph 43 of the first amended counterclaim.

44. Vex denies the allegations contained in paragraph 44 of the first amended counterclaim.

**DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM—COUNT TWO**

45. With respect to paragraph 45 of the first amended counterclaim, no answer is necessary.

46. Vex denies the allegations contained in paragraph 46 of the first amended counterclaim.

47. Vex denies the allegations contained in paragraph 47 of the first amended counterclaim.

48. Vex denies the allegations contained in paragraph 48 of the first amended

counterclaim.

## PRAYER

49. Vex denies that CTRE is entitled to the relief requested in its prayer for relief.

## AFFIRMATIVE DEFENSES

For further answer, if any is necessary, Vex asserts the following affirmative defenses:

1. CTRE fails to state a claim upon which relief may be granted.

2. CTRE's claims are barred, in whole or in part, because it cannot prove that:

   a. CTRE is the sole author and sole owner of the Software or any of the intellectual property rights in the Software;

   b. the Software vested solely in CTRE under 17 U.S.C. § 201(a); and

   c. Vex has no ownership interest in the Software or intellectual property related to the Falcon 500.

3. CTRE's claims are barred, in whole or in part, because the parties entered into a valid and enforceable contract and written modification to that express contract.

4. CTRE's claims are barred, in whole or in part, because Vex performed its contractual obligations.

5. CTRE's claims are barred, in whole or in part, because CTRE failed to perform and materially breached its contractual obligations resulting in harm to Vex.

6. CTRE's claims are barred, in whole or in part, by CTRE's failure to mitigate.

7. CTRE's claims are barred, in whole or in part, by CTRE's grant to Vex of a non-exclusive oral or implied license that became irrevocable with consideration.

8. CTRE's claims are barred, in whole or in part by exhaustion.

9. CTRE's claims are barred, in whole or in part by the safe harbor protections of 17 U.S.C. § 117(a).

10. CTRE's claims and state-law defenses are barred, in whole or in part by the federal copyright laws, the Federal Declaratory Judgment Act, and the Supremacy Clause of the U.S. Constitution.

## **PRAYER**

Plaintiff Vex Robotics, Inc. (Vex) prays that this Court enter final judgment on the first amended counterclaim filed by Defendant Cross the Road Electronics, LLC (CTRE), enter a take

nothing judgment in favor of Vex and against CTRE, dismiss CTRE's claims with prejudice, and enter such other and further relief to which Vex may be justly entitled.

        Respectfully submitted,

        */s/ Joseph F. Cleveland, Jr.*
        Joseph F. Cleveland, Jr.
        Texas Bar No. 04378900
        jcleveland@belaw.com
        Angélique M. McCall
        Texas Bar No. 24104172
        amccall@belaw.com

        BRACKETT & ELLIS, P.C.
        100 Main Street
        Fort Worth, Texas 76102-3090
        Telephone:    (817) 338-1700
        Facsimile:    (817) 870-2265

        Joel E. Geary
        State Bar No. 24002129
        jgeary@wslawpc.com
        Grant B. Stock
        State Bar No. 24033240
        gstock@wslawpc.com
        Raygen L. Lee
        State Bar No. 24132812
        rlee@wslawpc.com

        WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.
        1717 Main Street, Suite 2500
        Dallas, Texas 75201
        Telephone:    (214) 979-7400
        Facsimile:    (214) 979-7402

        ATTORNEYS FOR VEX ROBOTICS, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on June 13, 2024, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                              */s/ Joseph F. Cleveland, Jr.*
                                                                Joseph F. Cleveland, Jr.

1723976-v1/17346-002000