UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEX ROBOTICS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:23-cv-02586-D |
| v. | § | |
| | § | |
| CROSS THE ROAD ELECTRONICS, LLC | § | |
| and JONATHAN JACK, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT CROSS THE ROAD ELECTRONICS, LLC'S
ANSWER TO SECOND AMENDED COMPLAINT**

Defendant CROSS THE ROAD ELECTRONICS, LLC ("Defendant" or "CTRE") files this Answer to Plaintiff's Second Amended Complaint, ("Complaint") [Dkt. #33] and states as follows:

**I.
PARTIES**

1. CTRE admits that Vex Robotics, Inc. ("Vex") has appeared in this lawsuit. CTRE lacks information sufficient to admit or deny the remaining allegations in Paragraph 1 of the Complaint, and therefore denies same.

2. CTRE admits that it is a Michigan limited liability company with its principal place of business at 16065 Leone Drive, Macomb Township, Macomb County, Michigan 48042. CTRE admits it has appeared in this lawsuit.

**II.
JURISDICTION AND VENUE**

3. CTRE admits the allegations set forth in Paragraph 3 of the Complaint.

# III.
# FACTUAL BACKGROUND

4. CTRE lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 4, and therefore denies same.

5. CTRE admits the allegations set forth in paragraph 5 of the Complaint.

6. Paragraph 6 purports to describe a written agreement between Vex and CTRE with an effective date of April 21, 2014. CTRE denies that the April 21, 2014 agreement created a partnership between Vex and CTRE. As to the terms of the April 21, 2014 agreement, that document speaks for itself. To the extent a further response to Paragraph 6 is required, CTRE denies the allegations.

7. Paragraph 7 purports to describe a written agreement between Vex and CTRE with an effective date of April 21, 2014. CTRE denies that the April 21, 2014 agreement created a partnership between Vex and CTRE. As to the terms of the April 21, 2014 agreement, that document speaks for itself. To the extent a further response to Paragraph 7 is required, CTRE denies the allegations.

8. CTRE admits that the two brushed motor controllers the parties designed and developed under the April 21, 2014 agreement were called the Victor SP (later updated to the Victor SPX) and the Talon SRX. CTRE denies any remaining allegations set forth in Paragraph 8 of the Complaint, including the allegation that the April 21, 2014 agreement created a partnership between Vex and CTRE.

9. Paragraph 9 purports to describe a written agreement between Vex and CTRE with an effective date of April 21, 2014. CTRE denies that the April 21, 2014 agreement created a partnership between Vex and CTRE. As to the terms of the April 21, 2014 agreement, that

document speaks for itself. To the extent a further response to Paragraph 9 is required, CTRE denies the allegations.

10. Paragraph 10 purports to describe a written agreement between Vex and CTRE with an effective date of April 21, 2014. CTRE denies that the April 21, 2014 agreement created a partnership between Vex and CTRE. As to the terms of the April 21, 2014 agreement, that document speaks for itself. To the extent a further response to Paragraph 10 is required, CTRE denies the allegations.

11. Paragraph 11 purports to describe a written agreement between Vex and CTRE with an effective date of April 21, 2014. CTRE denies that the April 21, 2014 agreement created a partnership between Vex and CTRE. As to the terms of the April 21, 2014 agreement, that document speaks for itself. To the extent a further response to Paragraph 11 is required, CTRE denies the allegations.

12. Paragraph 12 purports to describe a written agreement between Vex and CTRE with an effective date of April 21, 2014. CTRE denies that the April 21, 2014 agreement created a partnership between Vex and CTRE. As to the terms of the April 21, 2014 agreement, that document speaks for itself. To the extent a further response to Paragraph 12 is required, CTRE denies the allegations.

13. CTRE admits that neither party provided any notice of termination during the term of the April 21, 2014 agreement and that the agreement automatically renewed annually and remained in effect until April 30, 2022. CTRE denies the remaining allegations set forth in Paragraph 13 of the Complaint, including the allegation that the April 21, 2014 agreement created a partnership between Vex and CTRE.

14. CTRE admits that, after the April 21, 2014 agreement expired, Vex and CTRE continued working together under its terms, as it pertained to the Victor SP (later updated to the Victor SPX) and the Talon SRX. CTRE denies any remaining allegations set forth in Paragraph 14 of the Complaint, including the allegation that the April 21, 2014 agreement created a partnership between Vex and CTRE.

15. CTRE denies the allegations set forth in Paragraph 15 of the Complaint.

16. CTRE denies the allegations set forth in Paragraph 16 of the Complaint.

17. CTRE denies the allegations set forth in Paragraph 17 of the Complaint.

18. CTRE denies the allegations set forth in Paragraph 18 of the Complaint.

19. CTRE denies the allegations set forth in Paragraph 19 of the Complaint.

20. CTRE denies the allegations set forth in Paragraph 20 of the Complaint.

21. CTRE denies the allegations set forth in Paragraph 21 of the Complaint.[1]

22. CTRE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22, and they are therefore denied.

23. CTRE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23, and they are therefore denied.

24. CTRE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24, and they are therefore denied.

25. CTRE denies the allegations set forth in Paragraph 25 of the Complaint.

26. CTRE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26, and they are therefore denied.

27. CTRE denies the allegations set forth in Paragraph 27 of the Complaint.

---

[1] Plaintiff's Complaint includes duplicative pages. *See* Dkt. #33, pp. 7/61 - 18/61. To the extent these duplicate pages include any additional factual allegations, CTRE denies them.

28. CTRE admits the allegations set forth in Paragraph 28 of the Complaint. CTRE denies the allegations set forth in footnote 9 of the Complaint.

29. CTRE admits the allegations set forth in Paragraph 29 of the Complaint.

30. Paragraph 30 purports to quote the November 1, 2019 Falcon 500 Motor User Guide. That document speaks for itself. To the extent a response to Paragraph 30 is required, CTRE denies the allegations.

31. CTRE admits that the Falcon 500 is used by educational robotics teams around the world. CTRE denies the remaining allegations set forth in Paragraph 31 of the Complaint.

32. CTRE lacks sufficient information to admit or deny the allegations set forth in Paragraph 32 of the Complaint, and therefore denies same.

33. CTRE denies the allegations set forth in Paragraph 33 of the Complaint.

34. Paragraph 34 purports to describe an email sent by John V-Neun to Tony Norman. The email speaks for itself. To the extent a response to Paragraph 34 is required, CTRE denies the allegations.

35. CTRE lacks sufficient information to admit or deny the allegations set forth in Paragraph 35 of the Complaint, and therefore denies same.

36. CTRE denies the allegations set forth in Paragraph 36 of the Complaint.

37. CTRE admits that it entered into a business relationship with WestCoast. CTRE further admits that the Kraken X60 motors were marketed to school robotics teams for the FIRST Robotics Competition and that CTRE began accepting pre-orders for the Kraken X60 in October 2023. CTRE denies the remaining allegations in Paragraph 37 of the Complaint, including the allegation that a legal partnership ever existed between Vex and CTRE.

38. CTRE denies the allegations set forth in Paragraph 38 of the Complaint.

# IV.
# CLAIMS

### Count One – Promissory Estoppel

39. CTRE incorporates by reference each of its responses set forth in the foregoing paragraphs.

40. CTRE denies the allegations set forth in Paragraph 40 of the Complaint.

41. CTRE denies the allegations set forth in Paragraph 41 of the Complaint.

42. CTRE denies the allegations set forth in Paragraph 42 of the Complaint.

### Count Two – Breach of Contract

43. CTRE incorporates by reference each of its responses set forth in the foregoing paragraphs.

44. CTRE denies the allegations set forth in Paragraph 44 of the Complaint.

45. CTRE denies the allegations set forth in Paragraph 45 of the Complaint.

46. CTRE denies the allegations set forth in Paragraph 46 of the Complaint.

47. CTRE denies the allegations set forth in Paragraph 47 of the Complaint.

48. CTRE denies the allegations set forth in Paragraph 48 of the Complaint.

49. CTRE denies the allegations set forth in Paragraph 49 of the Complaint.

50. CTRE denies the allegations set forth in Paragraph 50 of the Complaint.

51. CTRE denies the allegations set forth in Paragraph 51 of the Complaint.

52. CTRE denies the allegations set forth in Paragraph 52 of the Complaint.

### Count Three – Breach of Fiduciary Duty

53. CTRE incorporates by reference each of its responses set forth in the foregoing paragraphs.

54. CTRE denies the allegations set forth in Paragraph 54 of the Complaint.

### Count Four – Unfair Competition

55. CTRE incorporates by reference each of its responses set forth in the foregoing paragraphs.

56. CTRE denies the allegations set forth in Paragraph 56 of the Complaint.

### Count Five – Conversion

57. CTRE incorporates by reference each of its responses set forth in the foregoing paragraphs.

58. CTRE denies the allegations set forth in Paragraph 58 of the Complaint.

### Count Six – Trespass to Chattels

59. CTRE incorporates by reference each of its responses set forth in the foregoing paragraphs.

60. CTRE denies the allegations set forth in Paragraph 60 of the Complaint.

61. CTRE denies the allegations set forth in Paragraph 61 of the Complaint.

### Request for Exemplary Damages

62. CTRE denies that Vex is entitled to exemplary damages, either as contained in Paragraph 62 or otherwise. To the extent that Paragraph 62 of the Complaint is interpreted to contain factual allegations, CTRE denies them.

### Request for Attorney's Fees

63. CTRE denies that Vex is entitled to attorney's fees, either as contained in Paragraph 63 or otherwise. To the extent that Paragraph 63 of the Complaint is interpreted to contain factual allegations, CTRE denies them.

## JURY DEMAND

64. CTRE admits that Paragraph 64 of the Complaint purports to demand a trial by jury for all triable issues alleged in the Complaint. To the extent that Paragraph 64 of the Complaint is interpreted to contain factual allegations, CTRE denies them.

## PRAYER

65. CTRE denies that Vex is entitled to any relief whatsoever, either as contained in their Prayer or otherwise. To the extent that Paragraphs 1) through 5) under Vex's Prayer are interpreted to contain factual allegations, CTRE denies them.

## GENERAL DENIAL

66. CTRE further denies each allegation in the Complaint that was not specifically admitted, denied, or otherwise responded to in this Answer to Second Amended Complaint.

## AFFIRMATIVE DEFENSES

67. CTRE alleges and asserts the following defenses in response to the Vex's allegations and claims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law. CTRE specifically reserves all rights to allege additional defenses that become known through discovery.

### First Affirmative Defense

68. Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

69. Plaintiff's claims are barred by the applicable Statute of Frauds.

### Third Affirmative Defense

70. Plaintiff's claims are barred in whole or part by Vex's fraudulent conduct.

### Fourth Affirmative Defense

71.     Plaintiff's claims are barred in whole or part by Vex's failure to mitigate damages.

### Fifth Affirmative Defense

72.     Plaintiff's claims are barred in whole or part by Vex's unclean hands and/or other inequitable conduct.

### Sixth Affirmative Defense

73.     Plaintiff's claims are barred in whole or part by offset, modification and/or novation.

### Seventh Affirmative Defense

74.     Plaintiff's claims are barred in whole or part by Vex's prior material breach.

### Eighth Affirmative Defense

75.     Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, ratification and/or consent.

### Ninth Affirmative Defense

76.     Plaintiff's contract claims and business partnership/fiduciary claims are foreclosed by Section 13 of the April 21, 2014 agreement.

### Tenth Affirmative Defense

77.     Plaintiff's contract claims are barred because Vex failed to act in a commercially reasonable manner.

### Eleventh Affirmative Defense

78.     CTRE asserts that no express written agreement exists between Plaintiff and CTRE pertaining to the Falcon 500 or ownership of any intellectual property rights associated therewith.

### Twelfth Affirmative Defense

79. CTRE is the sole author, creator and owner of the Software in the Falcon 500.

### Thirteenth Affirmative Defense

80. CTRE has superior title in and rights to the Software in the Falcon 500.

### Fourteenth Affirmative Defense

81. Plaintiff did not make any substantial and valuable contribution to the Software in the Falcon 500 which could have been copyrighted by Plaintiff or vest ownership, solely or jointly, in Plaintiff.

### Fifteenth Affirmative Defense

82. In the alternative, CTRE asserts that if any intellectual property right in the Falcon 500 is found to be co-authored and/or co-owned by CTRE and Plaintiff, CTRE has an undivided ownership interest in the Falcon 500 and unlimited rights to make, use, sell and disclose the intellectual property in the Falcon 500 without the permission of Plaintiff.

### Sixteenth Affirmative Defense

83. Plaintiff's unfair competition claim is preempted by Federal Copyright Law.

### Seventeenth Affirmative Defense

84. Plaintiff's claims are barred in whole or in part because Vex failed to meet a condition precedent.

### Eighteenth Affirmative Defense

85. Defendant asserts the limitations on economic damages, exemplary damages, and prejudgment interest set forth in Texas Civil Practice and Remedies Code Chapter 41.

## Nineteenth Affirmative Defense

86. Any award of punitive or exemplary damages are limited by the due process provisions of the United States and Texas Constitutions.

Dated: June 14, 2024  Respectfully submitted,

**HARPER & BATES LLP**

*/s/ Scott L. Harper*
Scott L. Harper
Texas Bar No. 00795038
Scott.Harper@harperbates.com
---
Jordyn E. Hendrix
Texas Bar No. 24120359
Jordyn.Hendrix@harperbates.com

1717 Main Street, Suite 3550
Dallas, Texas 75201
214-238-8400 | Main
214-238-8401 | Fax

**COUNSEL FOR CROSS THE ROAD ELECTONICS, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service were served with a copy of this document through this Court's CM/ECF system and pursuant to the local rules on June 14, 2024.

*/s/ Scott L. Harper*
Scott L. Harper