IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEX ROBOTICS, INC., | § § | |
| Plaintiff, | § § | No. 3:23-cv-2586-D |
| v. | § § | |
| CROSS THE ROAD ELECTRONICS, LLC, | § § § § | |
| Defendant. | § § | |

## **AMENDED ORDER SETTING MEDIATION**

Under the Court's August 15, 2024 Order [Dkt. No. 39], Senior United States District Judge Sidney A. Fitzwater referred this case to the undersigned United States magistrate judge to conduct a mediation.

The August 15, 2024 Order [Dkt. No. 39] and this Amended Order Setting Mediation will control all proceedings relating to the mediation, which will now be conducted entirely in-person.

### **I. SCHEDULING OF MEDIATION**

The mediation will be held on **Thursday, October 10, 2024 at 9:30 a.m. Central Time** in Judge Horan's courtroom, 1100 Commerce, 15th Floor, Dallas, Texas. The undersigned has blocked off his schedule until **4:30 p.m. Central Time** and will allow the participants a break to leave the courthouse to get lunch at an appropriate time.

Counsel are reminded to advise their client(s) or client representative(s) of the date, time, and location of this mediation.

All parties must contact Shakira Todd at (214) 753-2165 at least two days prior to the mediation to confirm their attendance.

Failure to comply with this Order Setting Mediation or to attend the mediation without obtaining the Court's permission will subject a non-complying party or counsel to appropriate sanctions.

## II. MEDIATION PREPARATION AND CONDUCT

Because over 95 percent of all civil suits settle prior to trial, settlement preparation should be treated as seriously as trial preparation. Planning is essential because the party who is best prepared often obtains the best result.

The undersigned has found that the following steps are essential to a successful mediation or settlement conference.

*A.    Format*

    **1.    Pre-mediation demand and counter-offer**

A mediation is more likely to be productive if, before the mediation, the parties have exchanged written settlement proposals.

**No later than Thursday, September 26, 2024**, Plaintiff must submit a settlement demand to Defendant's counsel with a brief explanation of why such a settlement is appropriate as well as a proposed settlement agreement and list of the names and titles of the persons who will be present during the mediation.

**No later than Thursday, October 3, 2024**, Defendant must submit a written counter-offer to Plaintiff's counsel with a brief explanation of why such a settlement is appropriate and a list of the names and titles of the persons who will be present during the mediation.

Copies of these letters and proposed settlement agreements must (in addition to being sent directly to the opposing party or that party's counsel) be emailed to Judge Horan's chambers at Horan_Orders@txnd.uscourts.gov **on the date that each is submitted to the opposing party**.

Copies of these letters and agreements should not be filed with the Clerk's office or through the Electronic Case Files ("ECF") system.

2. **Confidential position papers**

The parties are strongly encouraged, but not required, to provide to the undersigned confidential position papers detailing any facts or issues that they believe will be helpful to the undersigned in conducting the mediation but that they choose not to reveal to the opposing side. This may include a party's interests and concerns beyond any monetary demand, the existence and status of prior negotiations (formal or otherwise), and anything else that might be helpful for a mediator to know in advance.

Position papers should not only incorporate or attach pending motions for summary judgment or motions to dismiss.

Any position papers must be emailed to Horan_Orders@txnd.uscourts.gov by **Monday, October 7, 2024**.

Copies of these position papers should not be filed with the Clerk's office or through the Electronic Case Files ("ECF") system.

### 3.     Attendance of parties required

Plaintiff Vex Robotics, Inc.'s counsel, Defendant Cross the Road Electronics, LLC's counsel, a representative of Plaintiff Vex Robotics, Inc. with full settlement authority, and a representative of Defendant Cross the Road Electronics, LLC with full settlement authority must be personally present, in person, at the mediation.

The named parties must be present during the entire mediation process, and each party which is not a natural person must be represented by an executive officer (other than in-house counsel) with authority to negotiate a settlement (the authority required shall be active, i.e., not merely the authority to observe the mediation proceedings but the authority to negotiate, demand or offer, and bind the party represented). Counsel, whether in-house or outside, will not be deemed to be the proper party representative for settlement purposes unless a party obtains the Court's prior approval, no later than **September 19, 2024**, to appear through an attorney.

An insured party must appear by representative(s) of the insurer who is (are) fully authorized to negotiate and provide final approval of all terms of settlement, whether monetary or non-monetary. This includes, but is not limited to, the authority to provide final approval for a settlement up to the limits of the opposing party's most recent settlement demand.

Failure to comply with any of these requirements for attendance may result in the rescheduling of the mediation at the cost of the non-complying party and other appropriate sanctions.

**4.    Mediation format**

The parties and counsel should think of this as a traditional mediation.

The undersigned will begin with introductory remarks by the undersigned during an opening joint session and then private caucusing by the undersigned with each side.

The parties will not make presentations during this opening joint session.

The undersigned expects both the attorneys and the parties to be fully prepared to participate.

The undersigned encourages all parties to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

**5.    Confidentiality**

Parties are encouraged to be frank and open in their discussions.

Unless otherwise agreed by the parties, all conversations and materials produced during the mediation are confidential and will not be admissible at trial.

No recording of any kind may be made of any of the proceedings unless otherwise ordered by the Court.

Unless otherwise agreed by the parties or ordered by a court, the parties will not introduce as evidence in any judicial or arbitration proceeding (1) any view expressed or suggestion made by a party with respect to possible settlement; (2) any admission made by a party during the mediation; (3) any proposal made or view

expressed by the judge; or (4) the fact that a party did or did not indicate willingness to accept any proposal for settlement made at the mediation.

### B. *Involvement of clients*

For many clients, this will be the first time that they have participated in a mediation or settlement conference.

Counsel must provide a copy of this Order Setting Mediation to their clients and must discuss the points contained in this order with the client before the mediation.

### C. *Settlement documents*

In the event of settlement, the undersigned may require that the parties execute an agreement or term sheet memorializing the material terms of settlement before the mediation is formally adjourned.

To facilitate this process, the parties are required to submit proposed documents with their pre-mediation settlement proposals.

The undersigned also encourages the parties to agree on as many specific terms of a settlement agreement as possible before the mediation.

Failure to comply with all aspects of this order without obtaining the Court's permission will subject a non-complying party or counsel to appropriate sanctions on a later order of the Court.

Any questions concerning the requirements of this order may be directed to Shakira Todd at (214) 753-2165.

SO ORDERED.

-7-

DATED: September 9, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE